Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| REGALADO LÓPEZ RIJOS Y OTROS<br><br>Parte Recurrida<br><br>v.<br><br>JOSÉ RAMÓN MORALES LÓPEZ DE LA SUCESIÓN DE LIDIA ESTHER LÓPEZ RIJOS Y OTROS<br><br>Parte Peticionaria | TA2025CE00822 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm. FA2024CV00172<br><br>Sobre: Impugnación o Nulidad de Declaratoria de Herederos |

Panel integrado por su presidenta la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de diciembre de 2025.

Comparece el Sr. José Ramón Morales López (señor Morales López) mediante una *Petición de Certiorari* acompañada de una *Urgente Solicitud en Auxilio de Jurisdicción*. En el recurso, solicita que revoquemos la *Orden* emitida el 2 de octubre de 2025, y notificada el 6 de octubre de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de Fajardo. Mediante el referido dictamen, el TPI le anotó la rebeldía al señor Morales López y declaró que las presuntas deficiencias de la demanda enmendada quedaron subsanadas con la *Moción en Torno a Direcciones* de 1 de julio de 2025.

En auxilio de nuestra jurisdicción, el señor Morales López suplica que ordenemos la paralización de los procedimientos ante el TPI, hasta tanto se resuelva este recurso de *certiorari*. Mediante *Resolución* emitida el 2 de diciembre de 2025, declaramos *ha lugar* la *Urgente Solicitud en Auxilio de Jurisdicción,* decretando la paralización de los procedimientos ante el foro primario, y

concedimos un término a la parte recurrida, Regalado López Rijos y otros, para que expresara su postura en torno al recurso. En cumplimiento con nuestro requerimiento, dicha parte presentó su *Oposición a Expedición de Certiorari* el 9 de diciembre de 2025.

Examinado el recurso, la oposición y a tenor con la Regla 52.1 de Procedimiento Civil[1], y los criterios (A), (E) y (G) de la Regla 40 de nuestro Reglamento[2], expedimos el auto de *certiorari* y revocamos en parte la *Orden* recurrida, a los fines de dejar sin efecto la rebeldía anotada al señor Morales López.

## I.

El 20 de febrero 2024, la Sucesión de Ramón López Rodríguez y la Sucesión de Isabel Rijos Castro, compuesta por Regalado López Rijos y Yolanda López García (en conjunto, los demandantes), incoaron la acción civil de epígrafe en contra del aquí peticionario, señor Morales López.[3] Alegaron que todos eran herederos de los caudales relictos de los causantes Ramón López Rodríguez e Isabel Rijos Castro, quienes murieron intestados. Adujeron que el único inmueble del caudal relicto es una propiedad localizada en el municipio de Luquillo, adquirida por los causantes en el 1976. Afirmaron que el señor Morales López, mediante trata y engaño, obtuvo tres (3) resoluciones de declaratorias de herederos fraudulentas, las cuales fueron presentadas en el Registro de la Propiedad, sección de Fajardo, otorgándole publicidad como único dueño y titular del aludido caudal. Basados en dichas alegaciones de fraude, los demandantes solicitaron al TPI que expidiera una orden y mandamiento dirigido al Registrador de la Propiedad, Sección de Fajardo, para que cancelara el asiento de inscripción cinco (5) de dominio sobre la finca número 6582. Además,

---

[1] 32 LPRA Ap. V, R. 52.1.
[2] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).
[3] Véase, expediente electrónico del caso FA2024CV00172 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada 1, *Demanda*.

solicitaron la expedición de otro mandamiento para ordenar al alguacil a comparecer a una firma de la escritura de segregación, participación y adjudicación del caudal relicto correspondiente a la Sucesión de Ramón López Rodríguez y la Sucesión de Isabel Rijos Castro.

Previo a presentar su alegación responsiva, el señor Morales López presentó una moción de desestimación por falta de parte indispensable.[4] Ante la negativa del TPI a desestimar el pleito[5], el señor Morales López instó un recurso de *certiorari* ante este foro apelativo. En una *Resolución* emitida el 31 de mayo de 2024, en el recurso KLCE202400420, este Tribunal denegó la expedición del auto de *certiorari.*[6]

El 4 de junio de 2024, el señor Morales López presentó su contestación a la demanda.[7] En síntesis, negó las alegaciones de la demanda e indicó ser el propietario del inmueble en controversia por herencia y/o por prescripción adquisitiva. Además, entre sus defensas afirmativas, invocó falta de parte indispensable, toda vez que los demandantes no incluyeron en el pleito a todos los herederos de las sucesiones de Ramón López Rodríguez e Isabel Rijos Castro.

Así las cosas, los demandantes presentaron una moción de sentencia sumaria[8] reiterando su solicitud de cancelación de asiento de inscripción cinco (5) de dominio sobre la finca número 6582. El señor Morales López se opuso[9] exponiendo nuevamente la necesidad de acumular a todos los presuntos herederos cuyos intereses pudiesen verse afectados por el dictamen emitido.

---

[4] *Íd.,* Entrada 6, *Moción de desestimación por falta de parte indispensable.*
[5] *Íd.,* Entrada 10, *Orden.*
[6] *Íd.,* Entrada 33, *Carta de trámite sobre mandato* y *Resolución.*
[7] *Íd.,* Entrada 23, *Contestación a demanda.* En esa misma fecha, el señor Morales López solicitó que se dejara sin efecto la rebeldía que le fue anotada ese día por el TPI. El 29 de julio de 2024, el TPI dejó sin efecto la anotación de rebeldía. *Íd.,* Entrada 36, *Orden.*
[8] *Íd.,* Entrada 29, *Solicitud de sentencia sumaria a tenor con las Reglas 36.1, 36.2 y 36.3 de Procedimiento Civil y la jurisprudencia aplicable.*
[9] *Íd.,* Entrada 39, *Oposición "Solicitud de sentencia sumaria.[...]" en la entrada núm. 29 en SUMAC.*

Evaluados los escritos y la prueba documental, el 27 de agosto de 2024, el TPI dictó sentencia a favor del señor Morales López.[10] En específico, concluyó que el inmueble pertenecía al señor Morales López por usucapión ordinaria y extraordinaria, por lo cual, desestimó la demanda e impuso a los demandantes el pago de costas, gastos y honorarios de abogado.

Insatisfechos, los demandantes acudieron ante nos mediante el recurso de apelación KLAN202400870. En dicha ocasión, mediante *Sentencia* de 9 de diciembre de 2024, este tribunal revocó el dictamen apelado y concluyó que, previo a reconocer algún derecho propietario, era necesario acumular a todos los presuntos herederos cuyos intereses pudiesen verse afectados por el dictamen emitido. A tales efectos, el caso fue devuelto al foro primario para que se acumularan a todas las partes indispensables del pleito y se continuara con los procedimientos del caso. El mandato fue notificado el 31 de enero de 2025.[11]

Luego de los trámites concernientes al cambio de representación de los demandantes, el 12 de abril de 2025, el señor Morales López presentó ante el TPI una moción para que se fijara a los demandantes un término final para acumular a todos los herederos y diligenciar los emplazamientos correspondientes.[12] Indicó que, desde la notificación del mandato, habían transcurrido más de dos (2) meses sin que los demandantes gestionaran la acumulación dictaminada por el foro apelativo ni diligenciaran los emplazamientos. Arguyó que el término para diligenciar los emplazamientos de esos herederos comenzó a contarse desde la notificación del mandato del Tribunal de Apelaciones y que dicho término vencía el 2 de junio de 2025.

---

[10] *Íd.,* Entrada 48, *Sentencia.*
[11] *Íd.,* Entrada 54, *Carta de trámite sobre mandato* y *Sentencia.*
[12] *Íd.,* Entrada 63, *Moción para que se emita orden fijando término final para emplazar.*

En respuesta, los demandantes indicaron que el plazo para diligenciar los emplazamientos comenzaba una vez se presentase una demanda enmendada que incluyera a todos los presuntos herederos, enmienda para la cual solicitaron término.[13] El señor Morales López presentó escrito de réplica.[14]

Evaluados los escritos, el TPI concedió a los demandantes hasta el 2 de junio de 2025, para diligenciar los emplazamientos de los nuevos herederos.[15]

Así las cosas, el 13 de mayo de 2025, los demandantes presentaron una *Demanda Enmendada.*[16] Acto seguido, el señor Morales López instó una *Moción para que se ordene identificar miembros de las alegadas sucesiones y cumplimiento con la Regla 9.1.*[17] Arguyó que los demandantes incumplieron con la norma que establece que "en el primer escrito que presente el abogado o abogada, deberá notificar la dirección física y postal y el número de teléfono de la parte que representa"[18], y, además, omitieron explicar quiénes son los miembros de cada sucesión y cómo cada uno de esos miembros advino parte de dichas sucesiones.

En oposición, los demandantes señalaron que la *Demanda Enmendada* incluye las direcciones y números de teléfono de por lo menos un miembro de cada una de las sucesiones.[19] Posteriormente, el 1 de julio de 2025, los demandantes incoaron una *Moción en torno a direcciones de demandantes*[20], en la que desglosaron las direcciones y teléfonos de todos los demandantes. Más adelante, el 15 de septiembre de 2025, éstos presentaron una

---

[13] *Íd.,* Entrada 65, *Moción en cumplimiento de orden.*
[14] *Íd.,* Entrada 66, *Réplica a la "Moción en cumplimiento de orden" reiterando que se reconozca que el término final para emplazar es el 2 de junio.*
[15] *Íd.,* Entrada 67, *Orden.*
[16] *Íd.,* Entrada 70, *Demanda Enmendada.*
[17] *Íd.,* Entrada 84, *Moción para que se ordene identificar miembros de las alegadas sucesiones y cumplimiento con la Regla 9.1.*
[18] Regla 9.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 9.1.
[19] Expediente electrónico del caso FA2024CV00172 en SUMAC, Entrada 92, *Réplica a Moción para que se ordene identificar miembros de las alegadas sucesiones y cumplimiento con la Regla 9.1.*
[20] *Íd.,* Entrada 94, *Moción en torno a direcciones.*

*Moción solicitando anotación de rebeldía* para los codemandados José Ramón Morales López, Marta Lucila Olivo López, Luis Alfredo Olivo López y Félix Serrano López, por no haber presentado la contestación a la demanda enmendada en el término correspondiente.[21]

El 19 de septiembre de 2025, el señor Morales López presentó su oposición a la solicitud de anotación de rebeldía[22], fundamentado en que no se había adjudicado su pedido de que la demanda enmendada cumpliera con la Regla 9.1 de Procedimiento Civil. Los demandantes contestaron[23] indicando que la *Moción en torno a direcciones de demandantes* incluyó las direcciones y los teléfonos de los demandantes con especificación de la sucesión a la que pertenecen, en cumplimiento con la aludida Regla 9.1. Por tanto, insistieron en que se anotara la rebeldía a todos los demandados por no haber contestado la demanda enmendada en el plazo dispuesto en las Reglas de Procedimiento Civil.

El 6 de octubre de 2025, el TPI notificó la *Orden* objeto del presente recurso, que transcribimos a continuación:

> EXAMINADA LA *MOCIÓN SOLICITANDO ANOTACIÓN DE REBELDÍA* PRESENTADA POR LA PARTE DEMANDANTE Y LOS CORRESPONDIENTES ESCRITOS DE OPOSICIÓN Y RÉPLICA, EL TRIBUNAL DECLARA HA LUGAR LA PRIMERA Y LE ANOTA LA REBELDÍA A LA PARTE CODEMANDADA JOSÉ RAMÓN MORALES LOPEZ.
>
> LAS ALEGADAS INSUFICIENCIAS DE LA DEMANDA ENMENDADA ALEGADAS POR EL CODEMANDADO MORALES LÓPEZ FUERON SUBSANADAS DESDE EL 1 DE JULIO DE 2025 CUANDO LA PARTE DEMANDANTE PRESENTÓ LA *MOCIÓN EN TORNO A DIRECCIONES DE DEMANDANTES.*[24]

El 7 de octubre de 2025, el señor Morales López presentó una

*Moción de aclaración y/o Reconsideración y para que se deje sin*

---

[21] *Íd.,* Entrada 102, *Moción solicitando anotación de rebeldía.*
[22] *Íd.,* Entrada 103, *Oposición a "Moción solicitando anotación de rebeldía" de una demanda enmendada que incumple la Regla 9.1 de Procedimiento Civil y otras normas.*
[23] *Íd.,* Entrada 105, *Réplica a Moción del codemandado José Ramón Morales López.*
[24] *Íd.,* Entrada 106, *Orden.*

*efecto anotación de rebeldía.*[25] Argumentó que el tribunal le anotó la rebeldía sin antes haber evaluado la deseabilidad de imponer un mecanismo menos oneroso y sin apercibirle de su situación. Razonó que contestar la demanda enmendada previo a que se resolviera si ésta cumplía o no con los requisitos de una alegación que supla los requisitos formales de una demanda, equivalía a su renuncia expresa a su planteamiento relativo a la deficiencia de la demanda enmendada. Por otro lado, señaló que el TPI nada dispuso en cuanto a su petición para que los demandantes explicaran cómo cada miembro de cada sucesión advino heredero. Los demandantes presentaron su escrito en oposición, en la que hicieron un recuento de las alegaciones de la demanda enmendada para demostrar que habían acumulado como partes del pleito a todos los herederos de los causantes Ramón López Rodríguez e Isabel Rijos Castro. Ante ello, y en lo atinente, peticionaron que se ratificara la anotación de rebeldía al codemandado Morales López.[26]

La moción de reconsideración fue denegada por el TPI mediante orden notificada el 27 de octubre de 2025.[27]

El 20 de noviembre de 2025, el señor Morales López presentó su contestación a la demanda enmendada.[28]

Días después, el 26 de noviembre de 2025, el señor Morales López incoó el presente recurso[29] y apuntó los siguientes señalamientos de error:

> Erró el TPI al concluir que las deficiencias de la Demanda Enmendada habían sido subsanadas mediante una moción que, por su naturaleza, no

---

[25] *Íd.,* Entrada 107, *Moción de aclaración y/o Reconsideración y para que se deje sin efecto anotación de rebeldía.*

[26] *Íd.,* Entrada 109, *Moción en cumplimiento de orden, Solicitud de referido al Departamento de Justicia y Solicitud para que se anulen las Resoluciones sobre Declaratorias de herederos en los casos LU2023CV00136, LU2023CV00137 y LU2023CV00138.* La solicitud de referido al Departamento de Justicia se fundamentó en alegaciones de fraude, falsa representación y perjurio contra del señor Morales López.

[27] *Íd.,* Entrada 110, *Orden.*

[28] *Íd.,* Entrada 111, *Contestación a demanda enmendada y Reconvención.* En ésta, negó las alegaciones de la demanda y presentó sus defensas. Sin embargo, del contenido del escrito no surge la formulación de una reconvención.

[29] Expediente electrónico del caso TA2025CE00822 en SUMAC-TA, Entrada 1.

constituye una alegación ni puede suplir los requisitos formales de una demanda.

Erró el TPI al anotar la rebeldía del Sr. Morales inmediatamente luego de concluir -sin notificación ni resolución clara previa- que la Demanda Enmendada había sido subsanada, privándolo de una oportunidad real y efectiva para contestar, a pesar de que el Sr. Morales ha actuado de forma diligente y proactiva en la defensa de sus derechos durante todo el litigio.

Por último, en la *Oposición a Expedición de Certiorari*[30]*,* la parte recurrida esencialmente reprodujo los planteamientos esbozados ante el foro recurrido y, a su vez, expuso las razones por las cuales entiende que el recurso no cumple con los criterios en los que procedería expedir el auto de *certiorari*.

## II.

Conforme a lo dispuesto en la Regla 45.1 de Procedimiento Civil[31], cuando una parte no contesta la demanda o no se defiende de ninguna otra forma contra las alegaciones y el remedio solicitado, el tribunal podrá anotarle la rebeldía por iniciativa propia o a solicitud de parte.[32] Además, la anotación de rebeldía aplica como sanción en aquellas instancias en las que alguna parte en el pleito ha incumplido con alguna orden del tribunal.[33] El propósito de la anotación de rebeldía es disuadir a aquellos que recurran a la dilación de los procedimientos como una estrategia de litigación.[34]

La consecuencia de una anotación de rebeldía es que se den por admitidas todas las alegaciones sobre hechos correctamente alegados en la demanda o la alegación que se haya formulado en contra del rebelde. Así, la causa de acción podrá continuar dilucidándose sin su participación.[35] No obstante, el tribunal podrá

---

[30] *Íd., Entrada 5.*
[31] Regla 45 de Procedimiento Civil, *supra*, R. 45.1.
[32] *González Pagán v. SLG Moret-Brunet,* 202 DPR 1062, 1068 (2019); *Banco Popular v. Andino Solís*, 192 DPR 172, 179 (2015).
[33] *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011).
[34] *Íd.*
[35] *Banco Popular v. Andino Solís*, supra, pág. 179; *Rivera Figueroa v. Joe's European Shop,* supra, pág. 590.

dictar sentencia en rebeldía sólo si concluye que procede la concesión del remedio solicitado.[36]

Ahora bien, la Regla 45.3 de Procedimiento Civil[37], establece que el tribunal podrá dejar sin efecto una anotación de rebeldía por **causa justificada**. Para probar la "causa justificada" la parte puede presentar evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación en contestar la demanda, o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo.[38]

Sin embargo, aunque la facultad de un foro de instancia para dejar sin efecto una anotación de rebeldía al amparo de la Regla 45.3 de Procedimiento Civil, *supra*, se enmarca en la existencia de justa causa según los parámetros expuestos, en *Díaz v. Tribunal Superior*[39] el Tribunal Supremo señaló que esta regla se debe interpretar de manera liberal, por lo que cualquier duda deberá resolverse a favor de que se deje sin efecto la anotación de rebeldía.[40] Acorde con este principio, nuestra jurisprudencia favorece que los casos se ventilen en sus méritos.[41]

**III.**

En su segundo señalamiento de error, el señor Morales López, apuntó que el TPI incidió al denegar su solicitud para que se dejara sin efecto la anotación de su rebeldía.

Según citado, el propósito del mecanismo de la anotación de rebeldía es desalentar el uso de la dilación como estrategia de litigación. Una de las instancias en que opera es cuando el

---

[36] *González Pagán v. SLG Moret-Brunet,* supra, pág. 1069; *Banco Popular v. Andino Solis,* supra, pág. 179.
[37] 32 LPRA Ap. V, R. 45.3.
[38] *Rivera Figueroa v. Joe's European Shop*, supra, pág. 593.
[39] 93 DPR 79 (1966).
[40] *Rivera Figueroa v. Joe's European Shop*, supra, págs. 591-592.
[41] *Íd.,* pág. 591.

demandado no cumple con el requisito de comparecer a contestar la demanda o a defenderse.

De los autos ante nuestra consideración se desprende que el señor Morales López ha demostrado reiterada e inequívocamente su intención de defenderse. Así pues, contestó la demanda original el 4 de junio de 2024, defendió su postura en procesos apelativos previos dentro del mismo caso y, notificado el último mandato del Tribunal de Apelaciones, promovió la continuación del pleito ante el foro primario.

A raíz de ello, los demandantes presentaron una demanda enmendada. El señor Morales López presentó planteamientos respecto a la suficiencia de dicha demanda enmendada. Pendiente de adjudicarse el asunto, los demandantes solicitaron al tribunal que le anotara la rebeldía al señor Morales López por no haber contestado la demanda enmendada. El TPI anotó su rebeldía.

En su moción de reconsideración, el señor Morales López, además de justificar su demora en presentar la segunda alegación responsiva, destacó la diligencia que había exhibido en el pleito. Asimismo, esbozó que no era, ni sería, su intención asumir un ánimo contumaz o temerario en la tramitación del pleito. En fin, el señor Morales López reiteró su compromiso con el proceso judicial y solicitó que se le permitiera contestar la demanda enmendada. El TPI denegó la solicitud de reconsideración.

Como se ha mencionado, un tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada. Para probar la "causa justificada" la parte puede presentar evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación en contestar la demanda, o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo. Ese ejercicio tiene que tomar en

consideración que se trata de una norma de interpretación liberal, cuyo fin último debe ser la adjudicación en sus méritos de los casos.

En el caso ante nuestra consideración, el señor Morales López adujo las circunstancias particulares del caso justificaban que se dejara sin efecto la anotación de su rebeldía. En específico, alegó contar con una buena defensa en los méritos, que es dueño legítimo del inmueble y que la causa de acción promovida por los demandantes es frívola. Además, recordemos que el señor Morales López contestó la demanda original oportunamente. Así que, con exclusión de la demora en contestar la segunda demanda enmendada, el señor Morales ha desplegado diligencia en la tramitación del pleito.

Por otro lado, la parte recurrida no ha articulado un perjuicio significativo que podría ocasionarse al dejar sin efecto la referida rebeldía.

Cabe precisar que tampoco transcurrió un tiempo excesivo entre la anotación de la rebeldía y la solicitud para que la misma fuera dejada sin efecto. Así pues, concluimos que este es el momento oportuno para dejar sin efecto la anotación de rebeldía.

En virtud de lo anterior, analizados los hechos a la luz del derecho aplicable, concluimos que le asiste la razón al señor Morales López. Por consiguiente, revocamos la determinación del foro recurrido, a los fines de dejar sin efecto la rebeldía anotada al señor Morales López. Así pues, se tiene por oportuna y adecuadamente presentada la contestación a la demanda enmendada presentada por el señor Morales López el 20 de noviembre de 2025. En cuanto al primer señalamiento de error, nos abstenemos de ejercer nuestra función revisora.

**IV.**

Por los fundamentos que anteceden, expedimos el auto de *certiorari* y revocamos en parte la *Orden* recurrida, a los fines de

dejar sin efecto la rebeldía anotada al señor Morales López y se admita su contestación a la demanda enmendada.  Se deja sin efecto la paralización de los procedimientos y se devuelve el asunto al Tribunal de Primera Instancia para su continuación de forma compatible con lo aquí dispuesto.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones